IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
NICHOLAS MCKEE, Individually And On
Behalf Of All Other Persons Similarly Situated,   :   Civil Action No. _____

               Plaintiff,

          -against-   :   **COMPLAINT AND JURY DEMAND**

PETSMART, INC.,

               Defendant.
---------------------------------------------------------------X

## INTRODUCTION

Plaintiff Nicholas McKee, individually and on behalf of all others similarly situated, by his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Nicholas McKee alleges, on behalf of himself and other current and former operations managers and similarly situated current and former employees holding comparable positions but different titles, employed by Defendant Petsmart, Inc. ("Defendant" or "Petsmart") within the United States of America, who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

2. Petsmart is the largest specialty retailer of services and solutions for the lifetime needs of pets. Petsmart misclassified Plaintiff and other operations managers and similarly situated employees holding comparable positions but different titles as exempt under federal overtime laws, and has failed to pay them overtime pay for hours above 40 in a workweek.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District inasmuch as Delaware is the state of incorporation for the Defendant.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

7. Plaintiff's claims involve matters of national or interstate interest.

## THE PARTIES

*Plaintiff*

8. Plaintiff Nicholas McKee is an adult individual, residing in Northridge, Los Angeles County, California.

9. Defendant employed Plaintiff McKee from in or about June 2011 until April 2012, as an operations manager at Defendant's store located in Tujunga, California.

10. Plaintiff and all similarly situated employees worked in excess of forty (40) hours per workweek, without overtime compensation as required by federal laws.

11. At all times relevant herein, Plaintiff, and all similarly situated employees, were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

*Defendant*

12. Upon information and belief, Defendant Petsmart, Inc. is a Delaware corporation. According to its most recent 10K SEC filing, Petsmart operates a chain of 1,232 stores in 48 states throughout the country, with net sales of over $6.1 billion in fiscal year 2011.

13. Defendant was and is doing business in Delaware, including at its retail locations in Delaware.

14. At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Defendant has had, and has, a gross volume of sales made or business of not less than $500,000 per year.

17. Defendant issued paychecks to the Plaintiff and all similarly situated employees during their employment.

18. Defendant directed the work of Plaintiff and similarly situated employees, and benefited from work performed that Defendant suffered or permitted from them.

19. Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for its benefit in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as operations managers or other similarly situated employees in comparable positions with different titles in the United States at any time since September 10, 2009 to the entry of judgment in this case (the "Collective Action Period"), whom Petsmart classified as exempt employees within the meaning of the FLSA and who did not receive any overtime wages (the "Collective Action Members").

21. Defendant is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and other similarly situated employees.

22. There are many similarly situated current and former operations managers (and other employees holding or who held comparable positions, but with different titles) who have not been paid proper overtime wages in violations of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b). Upon information and belief, there are at least 1,100 Collective Action Members, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

23. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

24. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

25. According to Defendant's 10-K SEC filing, Defendant is the largest specialty retailer of services and solutions for the lifetime needs of pets. Defendant operates retail stores throughout the United States and Puerto Rico, including within the State of Delaware.

26. Consistent with Defendant's policy and pattern or practice, Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per week without being paid overtime wages.

27. All of the work that Plaintiff and the Collective Action Members have performed has been assigned by Defendant, and/or Defendant is aware of all the work that they have performed.

28. Plaintiff and all of the Collective Action Members performed the same primary job duties: cashier duties, stocking shelves, assisting customers, caring for pets including cleaning cages, unpacking merchandise, cleaning the store and unloading delivery trucks. The work performed by Plaintiff and the Collective Action Members required little skill, no capital investment and were manual in nature. Their duties did not primarily include managerial responsibilities but instead, the performance of manual labor occupied the majority of the Collective Action Members' working hours.

29. The duties of Plaintiff and the Collective Action Members did not include the exercise of independent judgment or discretion since Petsmart principally directed, limited, and controlled their duties. Rather, their duties involved many non-managerial duties identical to those performed by non-exempt employees entitled to overtime wages.

30. Pursuant to a centralized, company-wide policy, pattern and practice, Defendant classified all operations managers (and other employees holding comparable positions, but different titles) as exempt from coverage of the overtime provisions of the FLSA.

31. Defendant did not perform a person-by-person analysis of every operations manager's job duties when making the decision to classify all of them (and

other employees holding comparable positions, but different titles) as exempt from the FLSA's overtime protections.

32. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to Plaintiff and the Collective Action Members. This pattern or practice includes, but is not limited to:

    a. willfully misclassifying Plaintiff and the Collective Action Members as exempt from the overtime requirements of the FLSA;

    b. willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours they worked in excess of 40 hours per week.

33. Upon information and belief, Defendant's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

34. Defendant is aware, or should be aware, that federal law requires it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

35. Defendant's failure to pay overtime wages for work performed by the Collective Action Members in excess of 40 hours per week was willful.

36. Defendant's unlawful conduct has been widespread, repeated and consistent.

37. Upon information and belief, throughout all relevant time periods, while Defendant employed Plaintiff and the Collective Action Members, Defendant failed to maintain accurate and sufficient time records.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

38. Plaintiff worked for Petsmart from June 2011 until April 2012 as an operations manager.

39. The tasks that Plaintiff regularly performed as an operations manager included, but were not limited to, cashier duties, stocking shelves, assisting customers, caring for pets including cleaning cages, unpacking merchandise, cleaning the store and unloading delivery trucks.

40. Plaintiff's primary job duties as an operations manager did not regularly include hiring, firing, scheduling, or disciplining employees.

41. Plaintiff's primary job duties as an exempt operations manager did not differ substantially from the duties of non-exempt employees.

42. Plaintiff did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

43. Plaintiff's primary duties were manual in nature. The performance of manual labor occupied the majority of the Plaintiff's working hours.

44. Consistent with Defendant's policy, pattern and practice, Plaintiff regularly worked in excess of 40 hours per workweek without being paid overtime wages.

45. Defendant is, or should be, aware that federal law requires it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per week.

## FIRST CAUSE OF ACTION:

## FAIR LABOR STANDARDS ACT

46. Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 45 as if they were set forth again herein.

47. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in the Complaint.

48. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's consent is attached as Exhibit A.

49. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq.* apply to Defendant.

51. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

52. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

53. Defendant has failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

54. Defendant's violations of the FLSA, as described in the Complaint, have been intentional and willful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and other similarly situated current and former employees.

55. At all relevant times, Defendant employed Plaintiff, and employed or continues to employ, each of the Collective Action Members within the meaning of the FLSA.

56. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000 per year.

57. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58. As a result of the Defendant's violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

59. As a result of the unlawful acts of Petsmart, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, disbursements, and other compensation pursuant to 29 U.S.C. § 216(b).

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Nicholas McKee, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief with regard to the Claims asserted herein:

a. At the earliest possible time, designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the Collective Action Members, apprising them of the pendency of the claims asserted in this action under Section 216(b) of the FLSA, permitting them to assert timely Section 216(b) FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and equitable tolling of the statue of limitations;

b. A declaratory judgment that the practices complained of herein in the First Cause of Action are unlawful under the FLSA;

c. An award of unpaid wages in the maximum amount allowed as overtime compensation due under the FLSA;

d. An award of statutory, liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: September 10, 2012

ROSENTHAL MONHAIT & GODDESS, P.A.

_____
Norman M. Monhait (#1040)
Rosenthal, Monhait & Goddess, P.A.
919 Market Street, Suite 1401
Citizens Bank Center
P.O. Box 1070
Wilmington, DE 19899-1070
Tele: (302) 656-4433
Fax: (302) 658-7567
nmonhait @rmgglaw.com

         Seth R. Lesser*
         Jeffrey A. Klafter*
         Fran L. Rudich*
         Michael J. Palitz*
         KLAFTER OLSEN & LESSER LLP
         Two International Drive, Suite 350
         Rye Brook, New York  10573
         Telephone:  (914) 934-9200
         Facsimile:  (914) 934-9220
         www.klafterolsen.com

         Marc S. Hepworth*
         David A. Roth*
         Charles Gershbaum*
         HEPWORTH GERSHBAUM & ROTH, PLLC
         192 Lexington Avenue, Suite 802
         New York, New York 10016
         Telephone: (212) 545-1199
         Facsimile: (212) 532-3801

         *Attorneys for Plaintiff*

*to apply for admission *pro hac vice*