IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICHOLAS MCKEE, Individually And On Behalf Of All Other Persons Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>PETSMART, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 1:12-cv-01117-MPT<br>)<br>)<br>)<br>)<br>) |

### ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO THE COMPLAINT

PetSmart, Inc. ("Defendant" or "PetSmart") for its Answer and Affirmative and Additional Defenses to the Complaint of Nicholas McKee ("Plaintiff" or "McKee") states as follows:

### NATURE OF THE ACTION

1.  PetSmart admits only that Plaintiff has alleged violations of the Fair Labor Standard Act ("FLSA"). PetSmart denies that Plaintiff, other Operations Managers or others "holding comparable positions but different titles" were misclassified as exempt from overtime. PetSmart also denies that Plaintiff, other Operations Managers or others holding comparable positions but different titles" were entitled to overtime. PetSmart also denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.  PetSmart admits the first sentence of Paragraph 2. PetSmart denies all remaining allegations contained Paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

3.  PetSmart admits the allegations contained in Paragraph 3 of the Complaint.

4.  PetSmart admits the allegations contained in Paragraph 4 of the Complaint.

5. PetSmart admits that it is incorporated in Delaware, but denies that this matter is properly venued in the District of Delaware and therefore denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 merely states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, PetSmart admits that the Court has the power to issue a declaratory judgment, but denies that it misclassified Plaintiff such that a declaratory judgment is warranted in this case.

7. PetSmart denies the allegations contained in Paragraph 7 of the Complaint.

## THE PARTIES

*Plaintiff*

8. PetSmart lacks knowledge sufficient to form a belief as to the truth or falsity of and, therefore, denies the allegations contained in Paragraph 8 of the Complaint.

9. PetSmart admits that Plaintiff worked as an Operations Manager at its Tujunga, California store beginning on June 7, 2011. PetSmart denies that Plaintiff's employment terminated in April 2012. PetSmart further avers that Plaintiff's employment ended on or about May 1, 2012.

10. PetSmart lacks knowledge and information sufficient to form a belief as to whether Plaintiff or other similarly situated employees worked more than 40 hours in a work week but denies that Plaintiff or any allegedly similarly situated employees were entitled to overtime pay and therefore denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. PetSmart admits the allegations contained in Paragraph 11 of the Complaint.

*Defendant*

12. PetSmart admits that is a Delaware corporation and that Plaintiff has accurately stated the number of stores and net sales figures set forth in PetSmart's 2011 10K filing.

13. PetSmart admits the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 merely states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, PetSmart admits the allegations contained in Paragraph 14 of the Complaint.

15. Paragraph 15 merely states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, PetSmart admits the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 merely states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, PetSmart admits the allegations contained in Paragraph 16 of the Complaint.

17. PetSmart admits that it issued paychecks to Plaintiff during his employment. The term "similarly situated" employees is vague and does not allow PetSmart to identify the employees to which Plaintiff is referencing. Accordingly, PetSmart denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. As the exact nature and scope of "the work" allegedly performed by Plaintiff is not fully defined, PetSmart lacks knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore denies, the allegations contained in Paragraph 18 of the Complaint.

19. PetSmart admits that Plaintiff did not receive overtime pay as he was properly classified as an exempt employee. The term "similarly situated employees" is vague and undefined and does not allow PetSmart to identify which employees Plaintiff is referencing.

Accodingly, PetSmart lacks knowledge sufficient to form a belief as to the truth or falsity of, and therefore denies, the remaining allegations contained in Paragraph 19 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

20. PetSmart denies that it misclassified Plaintiff or other Operations Managers as exempt and therefore denies that this matter is appropriate for treatment as a collective action. PetSmart further denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. PetSmart denies the allegations contained in Paragraph 21 of the Complaint.

22. PetSmart denies the allegations contained in Paragraph 22 of the Complaint as to current and former Operations Managers. The term "similarly situated" as it relates to "other employees holding or who held comparable positions but with different titles" is vague and undefined. As a result, PetSmart lacks knowledge or information sufficient to form a belief as to the truth or falsity of, and therefore denies, the allegations contained in Paragraph 22 of the Complaint as to that group. PetSmart denies all of the remaining allegations contained in Paragraph 22 of the Complaint.

23. The term "similarly situated" is vague and undefined. As a result, PetSmart lacks knowledge or information sufficient to form a belief as to the truth or falsity of and therefore denies the allegations contained in Paragraph 23 of the Complaint.

24. PetSmart denies that this matter is appropriate for collective action certification and therefore denies the allegations contained in Paragraph 24 of the Complaint.

## STATEMENT OF FACTS

25. PetSmart admits the allegations contained in Paragraph 25 of the Complaint.

26. PetSmart denies that Plaintiff or any other Operations Managers were misclassified as exempt and therefore denies all of the allegations contained in Paragraph 26 of the Complaint.

4

27. As PetSmart cannot discern from the allegations "[a]ll of the work" the exact nature and scope of the work Plaintiff or the putative class claim to have performed, PetSmart lacks knowledge sufficient to form a belief as to the truth or falsity of, and therefore denies, the allegations contained in Paragraph 27 of the Complaint.

28. PetSmart denies the allegations contained in Paragraph 28 of the Complaint.

29. PetSmart denies the allegations contained in Paragraph 29 of the Complaint.

30. PetSmart admits that Operations Managers were classified as overtime exempt and avers that this classification was proper. The phrase "and other employees holding comparable positions, but different titles" is vague and undefined, so PetSmart lacks knowledge or information sufficient to form a belief as to the truth or falsity of and therefore denies the allegations as to that group.

31. As the phrase "and other employees holding comparable positions, but different titles" is vague and undefined, PetSmart lacks knowledge sufficient to form a belief as to the truth or falsity of and therefore denies the allegations contained in Paragraph 31 of the Complaint as to that group. PetSmart admits that it did not individually assess each Operations Manager's exemption status but denies that any Operations Manager was not properly classified as exempt.

32. PetSmart denies the allegations contained in Paragraph 32 of the Complaint, including all of its subparts.

33. PetSmart denies the allegations contained in Paragraph 33 of the Complaint.

34. PetSmart denies that Plaintiff or the putative class was misclassified and therefore denies the allegations contained in Paragraph 34 of the Complaint.

35. PetSmart denies the allegations contained in Paragraph 35 of the Complaint.

36. PetSmart denies the allegations contained in Paragraph 36 of the Complaint.

37. PetSmart denies the allegations contained in Paragraph 37 of the Complaint.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

38. PetSmart admits that Plaintiff was employed as an Operations Manager from June 2011 to May 2012. PetSmart denies that Plaintiff's employ ended in April 2012.

39. PetSmart denies the allegations contained in Paragraph 39 of the Complaint because Plaintiff did not "regularly perform" the identified duties.

40. PetSmart denies the allegations contained in Paragraph 40 of the Complaint.

41. PetSmart denies the allegations contained in Paragraph 41 of the Complaint.

42. PetSmart denies the allegations contained in Paragraph 42 of the Complaint.

43. PetSmart denies the allegations contained in Paragraph 43 of the Complaint.

44. PetSmart denies the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint merely states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, PetSmart denies that it improperly classified its Operations Managers and thus denies the allegations contained in Paragraph 45.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT

46. PetSmart restates its responses to the allegations contained in Paragraphs 1 through 45 of the Complaint as if fully set forth.

47. PetSmart denies the allegations contained in Paragraph 47 of the Complaint.

48. PetSmart admits Plaintiff has consented to join this action but denies that Plaintiff was misclassified and denies that collective action treatment is proper in this case.

49. Paragraph 49 merely states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, PetSmart admits the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 merely states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, PetSmart denies that Plaintiff was entitled to overtime pay and denies all of the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 merely states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, PetSmart admits the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 merely states a legal conclusion to which no answer is required. To the extent an answer is deemed necessary, PetSmart admits the allegations contained in Paragraph 52 of the Complaint.

53. PetSmart denies the allegations contained in Paragraph 53 of the Complaint.

54. PetSmart denies the allegations contained in Paragraph 54 of the Complaint.

55. PetSmart denies the allegations contained in Paragraph 55 of the Complaint.

56. PetSmart admits the allegations contained in Paragraph 56 of the Complaint.

57. PetSmart denies the allegations contained in Paragraph 57 of the Complaint.

58. PetSmart denies the allegations contained in Paragraph 58 of the Complaint.

59. PetSmart denies the allegations contained in Paragraph 59 of the Complaint.

60. PetSmart denies the allegations contained in Paragraph 60 of the Complaint.

## **GENERAL DENIAL**

61. Unless otherwise and expressly admitted or otherwise qualified in this Answer, PetSmart denies each and every allegation contained in Plaintiff's Complaint.

## PRAYER FOR RELIEF

Plaintiff's PRAYER FOR RELIEF and WHEREFORE provision, and each of its subparts, contain allegations to which no response is required. To the extent a response is deemed necessary, PetSmart denies that Plaintiff is entitled to any relief whatsoever, and further denies that it has committed any unlawful or wrongful act with respect to Plaintiff or the putative class.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Venue is not proper in the district of Delaware.

### Third Defense

Pursuant to the doctrine of *forum non conveniens*, this action should be transferred to the District of Arizona as the most convenient forum.

### Fourth Defense

Plaintiff's claims and the claims of "other persons similarly situated" are barred in whole or in part to the extent that the work performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) or (b).

### Fifth Defense

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in the action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims are barred. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### Sixth Defense

Plaintiff's claims and the claims of "similarly situated individuals" are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation and the compensation of "similarly situated individuals" were done in good faith.

### Seventh Defense

Plaintiff's claims and the claims of "other persons similarly situated" are barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. To the extent Plaintiff is entitled to recover additional compensation, PetSmart has not willfully or intentionally failed to pay, liquidated damages should not be awarded and only a two-year statute of limitations should apply.

### Eighth Defense

Plaintiff's claims and the claims of "similarly situated individuals" are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

### Ninth Defense

Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Section 216(b) of the FLSA, and therefore, the class certification allegations of the Complaint must be stricken and dismissed.

### Tenth Defense

Plaintiff's claims and the claims of "other persons similarly situated" are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all

hours during which they were engaged in activities that were preliminary or post-preliminary to their principal activities.

### Eleventh Defense

To the extent that discovery reveals that Plaintiff and "other persons similarly situated" falsely reported their hours and there is no evidence that PetSmart required the false reporting of hours, no evidence that PetSmart encouraged them to falsely report hours, and no evidence that PetSmart knew or should have known that they were providing false information as to their hours, their claims are barred by the equitable doctrines of estoppels, waiver, and/or unclean hands. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

### Twelfth Defense

PetSmart asserts that all Operations Managers were and are properly classified as exempt from overtime pay pursuant to executive, administrative and all other exemptions, including a combination thereof as described in § 13(a)(1) of the Fair Labor Standards Act. *See also* 29 C.F.R. Part 541, 29 C.F.R. §§ 541.100-06 and 29 C.F.R. 541.200-04.

### Thirteenth Defense

PetSmart asserts that any claim for additional compensation by Plaintiff and alleged similarly situated employees must be reduced by compensation already paid to them for periods not compensable under the FLSA. *See, e.g.*, 29 C.F.R. § 785.19.

### Fourteenth Defense

PetSmart asserts that some work performed by Plaintiff and alleged similarly situated employees was completely voluntary in nature and without PetSmart's knowledge or authorization, was contrary to express instructions, was not required by PetSmart as a term or condition of their continued employment, and does not constitute compensable working time under the FLSA as a matter of law pursuant to 29 C.F.R. § 785.27, *et seq.*

### Fifteenth Defense

PetSmart asserts that any time spent by Plaintiff and any alleged similarly situated employees beyond their compensated workweek was *de minimis*.

### Sixteenth Defense

PetSmart asserts that it received no benefit or value from some of the services performed by Plaintiff and any alleged similarly situated employees.

### Seventeenth Defense

PetSmart asserts that the alleged overtime activities of Plaintiff and alleged similarly situated employees were non-compensable by express contract, custom, or practice.

### Eighteenth Defense

PetSmart asserts that some work performed by Plaintiff and any alleged similarly situated employees constituted "downtime" or other non-compensable work hours that were not subject to compensation under the provisions of the FLSA.

### Nineteenth Defense

Plaintiff and any allegedly similarly situated employees are not entitled to equitable relief as they have an adequate remedy at law.

### Twentieth Defense

Plaintiff and any allegedly similarly situated employees have been paid and/or received all wages due to them.

### Twenty-first Defense

Plaintiff's claims and those of the putative class may be barred, in whole or in part, by the faithless servant doctrine.

### Twenty-second Defense

Pending the conclusion of further discovery and investigation, PetSmart respectfully reserves the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, PetSmart respectfully requests the Court grant the following relief:

1. Judgment be entered dismissing Plaintiff's Complaint on the merits and with prejudice;

2. Awarding PetSmart its attorneys' fees, costs, and disbursements, as appropriate; and

3. Directing such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: /s/ Michael B. Rush
William R. Denny (#2580)
Michael B. Rush (#5061)
1313 North Market Street, 6th Floor
Wilmington, DE 19801
Tel: (302) 984-6000
wdenny@potteranderson.com
mrush@potteranderson.com

*Attorneys for Defendant PetSmart, Inc.*

Dated: October 22, 2012
1080000 / 39522

## CERTIFICATE OF SERVICE

I, Michael B. Rush, hereby certify that on this 22nd day of October, 2012, the foregoing **ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO THE COMPLAINT** was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following:

        Norman M. Monhait, Esquire
        Rosenthal, Monhait & Goddess, P.A.
        Mellon Bank Center, Suite 1401
        P.O. Box 1070
        919 Market Street
        Wilmington, DE 19899-1070
        nmonhait@rmgglaw.com

        */s/ Michael B. Rush*
        Michael B. Rush (#5061)
        POTTER ANDERSON & CORROON LLP
        Hercules Plaza, Sixth Floor
        1313 North Market Street
        P.O. Box 951
        Wilmington, DE 19899-0951
        (302) 984-6000 - Telephone
        (302) 658-1192 – Facsimile
        mrush@potteranderson.com