# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

NICHOLAS MCKEE, Individually And On        :
Behalf Of All Other Persons Similarly Situated  :
                                           :
                        Plaintiff,         :
                                           :        C.A. No. 12-1117-SLR-MPT
            v.                             :
                                           :
PETSMART, INC.,                            :
                                           :
                        Defendant.         :

## REPORT AND RECOMMENDATION

## I.    INTRODUCTION

### A.    Procedural Background

On September 10, 2012, Nicholas McKee ("lead plaintiff or "McKee") filed suit

individually and on behalf of all other persons similarly situated against PetSmart, Inc.

("defendant" or "PetSmart") for violation of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. §§ 201 *et seq.*[1]  On October 22, 2012, PetSmart filed its answer, affirmative and

additional defenses.[2]  The same day, PetSmart filed the motion under consideration,

along with its opening brief, on October 22, 2012 to transfer this action to the United

States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a).[3]   On

November 15, 2012, McKee submitted its opposition brief,[4] and PetSmart's reply brief

was filed on November 29, 2012.[5]  The issue of whether to transfer this matter is now

---

[1] D.I. 1.
[2] D.I. 8.
[3] D.I. 10-11.
[4] D.I. 15.
[5] D.I. 16.

ripe for decision.

### B.   Legal Standard

Section 1404(a) permits civil actions to be transferred by a court, "to any other district or division where it might have been brought," when such transfer is, "[f]or the convenience of parties and witnesses, in the interest of justice."[6] Thus, Section 1404(a) establishes a two-step transfer analysis, where a court must determine, "first . . . whether the action could have been brought in the proposed transferee venue and then determines whether transfer to different forum would best serve the interests of justice and convenience."[7] The intention of Section 1404(a), per the Third Circuit, is "to vest district courts with broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer."[8] As part of the individualized, case-by-case determination, the Third Circuit has articulated a non-exhaustive list of private and public interest factors to be weighed when considering a §1404(a) motion.[9] The private factors include:

> (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).[10]

The public interests include:

---

[6] 28 U.S.C. § 1404(a).

[7] *Smart Audio Techs., LLC v. Apple, Inc.*, C.A. No. 12-134-GMS, 2012 WL 5865742, at *1 (D. Del. Nov. 16, 2012)(citing *Mitek Sys., Inc. v. United Servs. Auto Ass'n*, C.A. No. 12-462-GMS, 2012 WL 3777423, at *4 (D. Del. Aug. 30, 2012)).

[8] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995).

[9] *Id.* at 879.

[10] *Id.* (citations omitted and numbers added).

(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.[11]

Courts must explicitly balance and consider each of these various factors when addressing a § 1404(a) motion.[12]  Although the Federal Circuit provided guidance in *Link_A_Media* regarding how courts conduct reviews of motions to transfer, the decision does not touch upon the, "discretion in the district court to adjudicate motions for transfer"[13] beyond the admonition that courts should not "fail[ ] to give any consideration" to each and every *Jumara* factor.[14]  When a defendant "with operations on a national or international scale" seeks transfer, the defendant "must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations."[15]  Transfer is inappropriate when the plaintiff's forum choice is "mere[ly] inconvenien[t] to a defendant."[16]  The movant bears the burden of evincing transfer is appropriate, and "unless the balance of convenience of the parties is strongly in favor of the defendant,

[11] *Id.* at 879-80 (citations omitted and numbers added).

[12] *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011).

[13] *Intellectual Venture I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 750 (D. Del. 2012), *mandamus denied, In re Altera Corp.*, Misc. No. 121, 2012 WL 2951522 (Fed. Cir. July 20, 2012)(quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

[14] *In re Altera Corp.*, 2012 WL 2951522 at *2.

[15] *Simms v. Thomson Reuters Tax and Accounting, Inc.*, C.A. No. 10-904-LPS, 2011 WL 4501225, at *2 (D. Del. Sept. 28, 2011); *see L'Athene, Inc. v. EarthSpring LLC*, 570 F. Supp. 2d 588, 592 (D. Del. 2008); *see also In re TCW/Camil Holding, L.L.C.*, C.A. No. 03-1154-SLR, 2004 WL 1043193, at *1 (D. Del. Apr. 30, 2004).

[16] *Gielata v. Heckmann*, C.A. No. 10-378-LPS-MPT, 2010 WL 3940815, at *3 (D. Del. Oct 6, 2010), *adopted In re Heckmann Corp. Sec. Litig.*, C.A. No. 10-378-LPS-MPT, 2011 WL 1219230, 2011 U.S. Dist. LEXIS 106674 (D. Del. Mar. 31, 2011); citing *Nice Sys., Inc. v. Witness Sys., Inc.*, C.A. No. 06-311-JFF, 2006 WL 2946179, at *2 (D. Del. Oct. 12, 2006).

the plaintiff's choice of forum should prevail."[17]  Correspondingly, "transfer will be denied

if the factors are evenly balanced or weigh only slightly in favor of the transfer."[18]

### C.      Positions of the Parties

In support of its motion to transfer, PetSmart contends the *Jumara* "public and

private facts strongly favors transfer."[19]  It asserts little weight should be accorded to

lead plaintiff's venue choice because:  (1) Delaware is not any plaintiff's home forum; (2)

lead plaintiff's choice of forum is given less weight in a class action than in an individual

suit; and (3) the operative facts did not occur in lead plaintiff's chosen forum.[20]

PetSmart also contends private factors justify transfer because:  (1) the majority of

witnesses relating to lead plaintiff's allegations are located in Arizona;[21] (2) the events

underlying lead plaintiff's claim occurred in Arizona;[22] and (3) the majority of documents

relating to lead plaintiff's allegations are in Arizona.[23]  Regarding public factors,

PetSmart argues Arizona's interest in resolving the instant action weighs in favor of

transfer, as well as trial logistics, cost consideration, District of Arizona's familiarity, and

the lack of a greater local interest in the District of Delaware as compared to the District

of Arizona.

In opposition, McKee contends PetSmart, "largely predicates its Motion to

---

[17] *Smart Audio Techs.*, 2012 WL 5865742, at *1 (quoting *Shuttle v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)).

[18] *Fuisz Pharma LLC v. Theranos, Inc.*, C.A. No. 11-1061-SLR-CJB, 2012 WL 1820642, at *9 (D. Del. May 18, 2012); quoting *Angiodynamics, Inc. v. Vascular Solutions, Inc.*, C.A. No. 09-544-JJF, 2010 WL 3037478, at *2 (D. Del. July 30, 2010); *see also Gielata*, 2010 WL 3940815, at *3.

[19] D.I. 11 at 5.

[20] *Id.* at 6.

[21] *Id.* at 8; *see* D.I. 12.

[22] D.I. 11 at 10.

[23] *Id.*

Transfer Venue on completely disregarding this Court's core standards."[24]  McKee

further argues his choice of venue is entitled to deference, and PetSmart has not met its

burden of establishing the balance of factors strongly favors transfer.[25]

## II.    ANALYSIS

The first step in the two-step transfer analysis requires determining whether the

instant action could have been properly brought in the District of Arizona, and "[t]he

party moving for transfer bears the burden of proving that the action properly could have

been brought in the transferee district in the first instance."[26]  PetSmart maintains its

corporate headquarters, conducts business, and maintains 48 stores in Arizona,[27] and is

a resident of Arizona pursuant to 28 U.S.C. §1391(c).  As a result, PetSmart is subject

to personal jurisdiction in Arizona.  Lead plaintiff does not contend this FLSA action

could not have been brought in that jurisdiction.  Accordingly, since the initial element in

the transfer of venue analysis under §1404(a) is satisfied, the examination now shifts to

consideration of each *Jumara* factor.

### A.    Private Interest Factors

#### i.    Plaintiff's choice of forum

The first private interest factor is "plaintiff's forum preference as manifested in the

original choice."[28]  Generally, a plaintiff's choice of forum is accorded substantial weight

---

[24] D.I. 15 at 1.
[25] *See generally* D.I. 15.
[26] *TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646-RGA-MPT, 2012 WL 5289782, at *3 (D. Del. Oct. 25, 2012), quoting *Mallinckrodt Inc. v. E-Z-Em, Inc.*, 670 F. Supp. 2d 349, 356 (D. Del. 2009)(internal citations and quotation marks omitted).
[27] D.I. 11 at 5.
[28] *Jumara*, 55 F.3d at 879.

and deference.[29]   However, less weight is given "[w]hen a plaintiff brings its charges in a

venue that is not its home forum."[30]   'Home forum' or 'home turf' is defined as, "the

forum closest to the plaintiff's residence or principal place of business which can

exercise personal jurisdiction over the Defendants at the time the lawsuit is filed."[31]

Unless a legitimate reason exists for plaintiff's selection of a foreign forum, "the transfer

of a case will generally be regarded as less inconvenient to a plaintiff if the plaintiff has

not chosen its home turf or a forum where the alleged wrongful activity occurred."[32]

However, bringing suit against a corporation where it has incorporated, "is a rational and

legitimate reason to choose to litigate in that state."[33]   "In fact, [the defendant], having

received the benefits of Delaware incorporation, should not now complain that [the

plaintiff] has chosen to sue it here."[34]   In the instant case, McKee clearly has not sought

to litigate on his home turf as he is not a Delaware resident.[35]   Lead plaintiff argues,

however, that his forum preference is still entitled to substantial deference, citing

PetSmart's incorporation in Delaware, which is a rational and legitimate reason for

---

[29] *Smart Audio Techs.*, 2012 WL 5865742, at *6; *see also Mitek Sys., Inc.*, 2012 WL 3777423, at *5; *Fuisz Pharma.*, 2012 WL 1820642, at *10.

[30] *In re Link_A_Media*, 662 F.3d at 1223; *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-6 (1981)("When the home forum has been chosen, it is reasonable to assume that this choice is convenient.  When the plaintiff is foreign, however, this assumption is much less reasonable.").

[31] *Cont'l Cas. Co. v. Am. Home Assurance Co.*, 61 F. Supp. 2d 128, 131 n.5 (D. Del. 1999) (citing *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 198 n.6 (D. Del. 1998)); *see Gielata*, 2010 WL 3940815, at *3.

[32] *Id.* (quoting *In re ML–Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993)); *see also Fuisz Pharma*, 2012 WL 1820642, at *10.

[33] *Amgen, Inc. v. Ariad Pharm., Inc.*, 513 F. Supp. 2d 34, 45 (D. Del. 2007) (quoting *Stratos Lightwave, Inc. v. E20 Commc'ns, Inc.*, C.A. No. 01-309-JJF, 2002 WL 500920, at *2 (D. Del. Mar. 26, 2002)).

[34] *Stratos Lightwave*, 2002 WL 500920, at *2 (citing *Critikon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 821 F. Supp. 962, 965 (D. Del. 1993)).

[35] D.I. 15 at 2.

bringing this action in Delaware.  It therefore appears that, "while the legitimate reasons underlying [McKee's] forum selection do require that some additional deference be given to [his] choice, those reasons do not carry the same weight as would a decision by [lead plaintiff] to sue on its home turf."[36]

McKee argues the opt-in nature of the FLSA under § 216(b) excludes him from being accorded less weight in his choice of a foreign forum.[37]  PetSmart contends a plaintiff's forum choice is given little weight when that plaintiff purports to represent a nationwide class in a collective action context.[38]  While there is no controlling precedent from within this jurisdiction, other courts have noted "that the 'opt-in' structure of collective actions under section 216(b) of the FLSA strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of a FLSA action."[39] However, in many of these cases, other factors besides the plaintiff's choice of forum held considerable sway, such as similar action pending in the proposed transfer forum or a party being located in the home forum.[40]  In a similar FLSA case within this circuit, where the plaintiff sued outside his home jurisdiction and the action had little connection to the initial forum, the court "decline[d] to give more than minimal weight to Plaintiff's

---

[36] *Smart Audio*, 2012 WL 5865742, at *6.

[37] D.I. 15 at 5.

[38] D.I. 16 at 2-4.

[39] *Onyeneho v. Allstate Ins. Co.*, 466 F. Supp. 2d 1, 5 n.2 (D.D.C. 2006), *citing Johnson v. Big Lots Stores, Inc.*, C.A. No. 04-3201, 2005 WL 357200, at *4 (E.D. La. Feb. 10, 2005); *see Montgomery v. TAP Enters., Inc.*, No. 06-CV-5799(HB), 2007 WL 576128, at *4 (S.D.N.Y. Feb. 26, 2007); *see also Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208 (D. Me. 2011).

[40] *Ingram v. Family Dollar Stores of Ala.*, CV-06-BE-1507-S, 2006 U.S. Dist. LEXIS 96845, at *11 (N.D. Ala. Sept. 29, 2006)("Perhaps the most significant reason to transfer this case . . . is the fact that six other FLSA collective actions have been transferred [to the proposed venue]"); *see also Johnson v. VCG*, 767 F. Supp. 2d at 215 (initial venue had a stronger interest because both plaintiffs resided in first venue).

choice."[41]  Courts within this circuit have held a plaintiff's choice of forum, even when given lesser weight, still outweighs the defendant's choice because "some deference is due, and competing against Defendant's preference, the Plaintiff's preference prevails."[42]  However, as opposed to *Tahir*, the instant action is distinguishable because the lead plaintiff brought this action, "on behalf of all persons who are or were formerly employed by Defendant as operations managers . . . in the United States."[43]

This factor weighs against transfer to the District of Arizona.  However, as discussed above, since the lead plaintiff has brought suit outside his home turf and purports to represent a nationwide class, McKee's choice of forum is not given 'substantial' or 'paramount' consideration.  Instead, lead plaintiff's choice of forum is given significantly reduced weight.

> ii.    Defendant's forum preference

The next private interest factor is defendant's forum preference.[44]  In filing the instant motion to transfer, PetSmart indicates its preference to litigate in Arizona, where its corporate headquarters are located and conducts significant business.  This factor weighs in favor of transfer.

> iii.    Where the claim arose

The third private interest factor the court must consider is whether the claims arose elsewhere.[45]  McKee was employed by PetSmart in California, and does not cite

---

[41] *Tsouris v. The Shaw Group, Inc.*, C.A. No. 09-387, 2009 WL 3192936, at *3 (W.D. Pa. Oct. 6, 2009); *see also Newhall v. Chase Home Fin., LLC*, C.A. No. 10-2749, 2010 WL 4387517, at *3-4 (D.N.J. Oct. 28, 2010).

[42] *Tahir v. Avis Budget Group, Inc.*, C.A. No. 09-3495, 2009 WL 4911941, at *4 (D.N.J. Dec. 14, 2009).

[43] D.I. 1 at 4.

[44] *Jumara*, 55 F.3d at 879.

[45] *Id.*

any instance where any other plaintiff worked in Delaware or had any contact with PetSmart employees in this jurisdiction.[46]  The policies and practices which McKee alleges PetSmart violated were initiated at its headquarters in Phoenix, Arizona.[47]  Additionally, PetSmart's payroll department is located at its headquarters in Phoenix, Arizona.[48]  As a result, this factor weighs in favor of transfer to the District of Arizona.

      iv.    Convenience of the parties

The fourth factor is to assess the "convenience of the parties as indicated by their relative physical and financial condition."[49]  In analyzing convenience of the parties, courts examine several elements, including:  "(1) the parties' physical location; (2) the associated logistical and operation costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal."[50]  PetSmart contends it would find litigating in the District of Arizona more convenient, as its corporate headquarters are there.[51]  Additionally, PetSmart claims it would be less burdensome for the lead plaintiff to litigate in Arizona, as Phoenix is approximately 400 miles from McKee's residence, whereas Wilmington is approximately 2,700 miles.[52]  Lead plaintiff, in contrast, argues he clearly finds Delaware to be the more convenient forum, pointing to his decision to bring the instant action here.[53]  Lead

---

[46] D.I. 1 at 3.
[47] D.I. 11 at 10.
[48] *Id.*
[49] *Jumara*, 55 F.3d at 879.
[50] *Mitek Sys.*, 2012 WL 3777423, at *6 (quoting *Fuisz Pharma v. Theranos*, 2012 WL 1820642, at *12).
[51] D.I. 11 at 2, 9-10.
[52] *Id.* at 3.
[53] D.I. 15.

plaintiff also correctly notes the court's assessment must account for the disparity in financial resources between the parties, and any inconvenience imposed upon PetSmart must be judged in light of its vast financial resources.[54]  Ultimately, when considering this factor, the court must, "determine how much inconvenience each party will suffer should it be forced to litigate in the other party's desired forum as opposed to its own."[55]  In view of PetSmart's financial resources and size, the court does not believe significant added inconvenience will be borne by PetSmart should this action remain in Delaware.  The convenience of potential opt-in plaintiffs, regardless of their relative locations, is merely hypothetical.  At the current stage of the instant action, "only allegations from the *named parties* in a putative collective action under the FLSA, much like a class action under Fed. R. Civ. P. 23, are relevant in assessing venue."[56]  Considering the lead plaintiff's residence in Southern California and lack of connections to Delaware, the court similarly does not believe he would suffer significant added inconvenience were this action transferred from his preferred forum.  Therefore, this factor is neutral regarding transfer.

> v.   Convenience of the witnesses

The court must next evaluate "the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora."[57]  PetSmart maintains transfer is warranted due to the burdensome cost associated with providing transportation, lodging, and associated expenses for its employees in Arizona

---

[54] *Smart Audio Techs.*, 2012 WL 5865742, at *8.
[55] *Id.*
[56] *Newhall*, 2010 WL 4387517, at *3.
[57] *Jumara*, 55 F.3d at 879.

to appear before this court.[58]   However, PetSmart fails to present any evidence these employee-witnesses may actually be unavailable for trial in Delaware.  This court has previously noted "[p]arty witnesses or witnesses who are employed by a party carry no weight in the 'balance of convenience' analysis since each party is able, indeed, obligated to procure the attendance of its own employees for trial."[59]   Additionally, PetSmart identifies no third-party or fact witnesses unavailable to testify in Delaware, and "[i]t is the defendant's burden to show both the unavailability of a particular witness and that witness' importance to the defendant's case."[60]   Since the mere inconvenience of paying for employees to travel the distance between Arizona and Delaware is not enough to tip this factor in PetSmart's favor, the court finds this factor neutral.

vi.    Location of books and records

Finally, the court considers "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)."[61]   According to PetSmart, since the majority of electronic and hard copy documents likely to be sought by lead plaintiff are located in Arizona, this factor weighs in favor of transfer.[62]   Whereas the Federal Circuit stated technological advances do not eliminate this court's consideration of the location of books and records,[63] that court's decision has not, "altered the Third Circuit's focus on the issue being not so much where the witnesses

---

[58] D.I. 11 at 8; *see also* D.I. 12.

[59] *TruePosition, Inc.*, 2012 WL 5289782, at *6 (quoting *Affymetrix,* 28 F. Supp.2d at 203).

[60] *Smart Audio Techs.*, 2012 WL 5865742, at *8 (quoting *Tessera, Inc. v. Sony Elecs. Inc.*, C.A. No. 10-838-RMB-KW, 2012 WL 1107706, at *6 (D. Del. Mar. 30, 2012)).

[61] *Jumara*, 55 F.3d at 879.

[62] D.I. 16 at 9.

[63] *In re Link_A_Media*, 662 F.3d at 1224.

and evidence are, but whether they can be produced in court."[64]  Neither PetSmart nor

lead plaintiff have identified any documents or records as being available in only one

forum.  Although the Federal Circuit stated technological advances do not eliminate

consideration of this factor, it noted "advances in technology may alter the weight given

to [the location of books and records]."[65]  Therefore, while this factor weighs in favor of

transfer, it is given only limited weight.

  **B.**  **Public Interest Factors**

    i.  Enforceability of judgment.

  There is no suggestion a judgment in either the District of Delaware or the District

of Arizona would be unenforceable.  Thus, this factor is neutral.

    ii.  Practical considerations

  The second public interest factors the court considers are "practical

considerations that could make the trial easy, expeditious, or inexpensive."[66]  PetSmart

argues the instant action should be transferred to the District of Arizona because likely

corporate witnesses, based in Arizona, will have greater flexibility with their schedules,

and Petsmart will not have to pay for their lodging or other travel expenses.[67]  McKee

does not argue practical considerations relevant to his claim or the facts in this action

either favor adjudication in Delaware or disfavor adjudication in Arizona.  As noted

previously, the mere fact that witnesses and documents are located in Arizona is not

---

[64] *Semcon Tech, LLC v. Intel Corp.*, C.A. No. 12-531-RGA, 2013 WL 126421, at *3 n.4 (D. Del. Jan. 8, 2013).
[65] *In re Link_A_Media*, 662 F.3d at 1224.
[66] *Jumara*, 55 F.3d at 879.
[67] D.I. 11 at 12.

sufficient to show unavailability in Delaware.[68]  However, PetSmart has identified four

potential corporate witnesses who each live and work in Arizona.[69]  Additionally,

PetSmart states it "generates and maintains documents related to the duties and

responsibilities of Operations Managers and documents supporting their exempt status"

in Arizona.[70]  While no witness or document would be unavailable in Delaware, their

central location in Arizona suggests transfer to the District of Arizona could result in an

easier, expeditious, or less expensive trial.  Furthermore, lead plaintiff contends

PetSmart violated the FLSA, "pursuant to a centralized, company-wide policy, pattern

and practice."[71]  These facts suggest the District of Arizona has a, "greater nexus to

Plaintiff's FLSA claim," than the District of Delaware.[72]  With the aforementioned facts

considered, this factor weighs somewhat in favor of transfer.

    iii.    Court congestion

The court next evaluates "the relative administrative difficulty in the two fora

resulting from court congestion."[73]  Each party contends the court in their preferred

forum is not congested, while the opposing party's preferred forum is more congested.[74]

Both parties cite 2011 statistics publicly available from the official United States Federal

Courts website.  The same statistical database is used by each party to support their

respective claim.  Upon review of the arguments and statistics, neither party's argument

is persuasive.  While the statistics are the most current available, the fact remains these

---

[68] *Gielata*, 2010 WL 3940815, at *5.
[69] D.I. 12 at 2.
[70] *Id.* at 3.
[71] D.I. 1 at 6, ¶30.
[72] *Tsouris*, 2009 WL 3192936, at *3.
[73] *Jumara*, 55 F.3d at 879.
[74] D.I. 15 at 9; D.I. 16 at 10.

figures depict court dockets as they were over one year ago.  In short, with conflicting

statistical evidence, the court finds this factor neutral.

       iv.    Local interest

      The fourth public interest factor is "the local interest in deciding local

controversies at home."[75]  PetSmart argues Arizona has a greater local interest in

adjudicating this case because the decision to classify Operations Managers as exempt

from the FLSA occurred at PetSmart's corporate headquarters in Phoenix, Arizona.[76]

Additionally, PetSmart argues Arizona has a strong local interest because likely

witnesses are located in Arizona, forty-nine putative plaintiffs are employed in Arizona,

with only two in Delaware, and the only connection between this case and Delaware is

PetSmart's incorporation in Delaware.[77]  Despite these arguments, the court finds this

factor is neutral with respect to transfer.  PetSmart is a corporate citizen of Delaware,

and Delaware, "is usually found to have an interest when a lawsuit is brought against

. . . its citizens."[78]  Furthermore, while Arizona has a local interest, the instant action

does not represent a local controversy, since it involves violation of a federal law,

brought against a multinational corporation.[79]  The policy PetSmart is accused of

violating-misclassification of Operations Managers-applies to all 1,213 Operations

Managers currently employed by PetSmart in forty-eight states and Puerto Rico,

including two Operations Managers employed in its Delaware stores.[80]  The lead plaintiff

worked and resides in California, and the three opt-in plaintiffs respectively worked and

---

[75] *Jumara*, 55 F.3d at 879.
[76] D.I. 16 at 8.
[77] Id.; *see also* D.I. 11 at 11.
[78] *Zazzali v. Swenson*, 852 F. Supp. 2d 438, 452 (D. Del. 2012).
[79] *Smart Audio Techs.,* 2012 WL 5865742, at *10.
[80] D.I. 11 at 2.

reside in Alabama, South Carolina, and Texas.[81]  Because this action is truly a national controversy, the court finds this factor is neutral.

> v.      Public policies

The penultimate public interest factor is "the public policies of the fora."[82]  Neither party presented any argument regarding this factor's impact on the transfer analysis. As a result, the court finds this factor to be neutral.[83]

> vi.     Familiarity of the trial judge with state law in diversity cases

The final public interest factor considered is "the familiarity of the trial judge with the applicable state law in diversity cases."[84]  This action is not based on diversity, but on violation of the FLSA, a federal law.  PetSmart admits judges in either fora would be competent to interpret and apply the FLSA.[85]  The complaint does not allege any state law violation.  As such, this factor does not weigh in the transfer analysis, and is neutral.

## III.    Conclusion

"[T]he Court has endeavored to evaluate each of the many private and public interest factors identified by the Third Circuit, and has also considered whether any additional interests are pertinent."[86]  The lead plaintiff's choice of forum with defendant's incorporation in this jurisdiction are the elements which weigh against transfer.  Factors

---

[81] D.I. 15 at 2.

[82] *Jumara*, 55 F.3d at 879.

[83] *Fuisz Pharma LLC*, 2012 WL 1820642, at *18 (since neither party addressed public policy of the fora, the public policy element was found to be neutral); *citing Helicos Biosciences Corp. v. Illumina, Inc.*, C.A. No. 10-735-SLR, 2012 WL 1556390, at *7 (D. Del. May 3, 2012).

[84] *Jumara*, 55 F.3d at 879-80.

[85] D.I. 11 at 12.

[86] *Intellectual Ventures I*, 842 F. Supp. 2d at 760 (quoting *In re TS Tech Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008)).

in favor of transfer include:  defendant's forum preference; where the claim arose; the location of books and records; and practical considerations.  The remaining interests are neutral.  When considering all factors, with appropriate weight applied to each without providing any one factor undue weight, defendant has not met its burden of showing the *Jumara* elements weigh strongly in favor of transfer.[87]  While several factors lean towards transfer, given the relative weight of each, defendant has not demonstrated that "the balance of convenience of the parties is *strongly* in favor of the defendant."[88]  Although lead plaintiff's choice of forum is given significantly reduced weight, when compared against the elements favorable to defendant's motion, the total balance, "weigh[s] only slightly in favor of the transfer."[89]  Further, defendant has not "prove[n] that litigating in Delaware would pose a unique or unusual burden on [its] operations.[90]  In sum, defendant has only shown, "mere inconvenience,"[91] to lead plaintiff's choice of forum.  Accordingly, defendant's motion to transfer should be denied.

## IV.    ORDER AND RECOMMENDED DISPOSITION

For the reasons contained herein, the court recommends:

(1) Defendant's motion to transfer to the District of Arizona (D.I. 10) is denied.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen days after being served with a copy of this Report and

---

[87] *Shuttle*, 431 F.2d at 25.
[88] *Id.* (emphasis added).
[89] *Fuisz Pharma*,  2012 WL 1820642, at *9.
[90] *Simms*, 2011 WL 4501225, at *2.
[91] *Gielata*, 2010 WL 3940815, at *3.

Recommendation.[92]  The objections and response to the objections are limited to ten pages each.

The parties are directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under Fed. R. Civ. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov.

March 20, 2013                                     /s/ Mary Pat Thynge_____
                                                   UNITED STATES MAGISTRATE JUDGE

---

[92] FED. R. CIV. P. 72(a).