UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

------------------------------------------------------------X
NICHOLAS MCKEE, Individually and on
Behalf of All Other Persons Similarly Situated,   :   NO. 1:12-cv-01117-SLR-MPT

          Plaintiffs,

-against-

PETSMART, INC.,

          Defendant.
------------------------------------------------------------X

## SCHEDULING ORDER FOR FIRST PHASE DISCOVERY

This __4__ day of June, 2013, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2(a) on May 28, 2013, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1.    Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard

The parties shall make their initial disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1) within fourteen (14) days of the date of this Order. The parties have reviewed and discussed the Court's Default Standard for Discovery, including Discovery of Electronically Stored Information ("ESI"), and that standard is incorporated herein by reference except to the extent the parties agree or this Court orders otherwise.

2.    Discovery

Plaintiff brings this nationwide collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") alleging that Defendant misclassified Plaintiff and other current and former operations managers as exempt from overtime. Plaintiff alleges that

Defendant willfully violated the FLSA by failing to pay overtime compensation for hours worked in excess of 40 hours in a workweek, to Plaintiff and other operations managers pursuant to a common company policy. Defendantdenies Plaintiff's allegations.

Such claims in this Circuit are typically addressed in two phases, with the first consisting of limited pre-certification discovery. *See generally Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, 133 S. Ct. 1523 (2013) ("In deciding whether a suit brought under § 216(b) may move forward as a collective action, courts typically employ a two-tiered analysis. During the initial phase, the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff. if the plaintiff carries her burden at this threshold stage, the court will "conditionally certify" the collective action for the purposes of notice and pretrial discovery.").Plaintiff intends to file a motion for conditional certification pursuant to 29 U.S.C. § 216(b), to allow a Court-authorized notice of pendency to be sent to other similarly situated operations managers. As such, the full scope of this case will not be known until it is determined whether Plaintiff's FLSA action should be conditionally certified as a collective action to allow additional individuals to opt-in to this action. Consequently, thisScheduling Order reflects the two-tiered approach commonly used in FLSA collective actions. Pursuant to this approach:

    a. Discovery limited to first phase, Section 216(b) conditional certification issues to determine whether the collective action members are similarly situated shall be completed on or before August 28, 2013.In order to avoid having them be subject to more than one deposition or written discovery, Defendant's written and deposition discovery of the named and present opt-in Plaintiffs during the first phase shall not be limited to conditional certification issues.

  b. Plaintiff's motion for conditional certification shall be filed on or before September, 12, 2013. Defendant's Response to Plaintiff's motion shall be filed on or before October 15, 2013. Plaintiff's Reply to Defendant's Response shall be filed on or before October 29, 2013.

  c. If the Court denies Plaintiff's motion for conditional certification, the parties shall communicate with the Court about scheduling a status conference to determine the remaining schedule for the adjudication of the case.

  d. If the Court grants Plaintiff's motion for conditional certification, in whole or in part:

   i. The parties shall meet and confer in an attempt to reach agreement on a proposed notice to be sent to the collective action members (including a proposed deadline for the potential opt-in plaintiffs to join this action by filing consents with the Court), and if agreement is reached, shall submit the proposed notice to the Court for approval. If an agreement is not reached, the parties shall promptly submit any unresolved issues to the Court.

  e. The parties shall communicate with the Court about scheduling another status conference as soon as practicable after the deadline to opt-in has expired so that the Court and parties can set the remaining schedule for discovery related to the claims asserted by the class. At that point, the parties will be better informed about the size of the collective groupand better able to propose an appropriate schedule, including dates and procedures for the completion of class discovery, expert discovery, for filing any dispositive motions, motions in limine, the pre-trial order and other trial related filings, as set forth in the form of Scheduling Order attached to the Court's May 16, 2013 Order.

    3.    <u>Joinder of Other Parties and Amendment of Pleadings</u>

All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before September 12, 2013, except for the addition of opt-ins, the deadline for which shall be subject to further order of the Court.

    4.    <u>Pre-Certification Discovery</u>

        a.    <u>Limitation on Hours for Deposition Discovery</u> – Each side is limited to a total of 42 hours of taking testimony by deposition upon oral examination during the pre-certification phase of discovery.

        b.    <u>Location of Depositions</u>–During pre-certification discovery, depositions of Plaintiff, the present opt-ins and representatives of Defendant shall take place where they are employed or reside.

        c.    <u>Interrogatories</u> – During the initial phase of discovery, which shall be completed on or before August 28, 2013, Defendant shall be permitted to serve 10 interrogatories each on Plaintiff and the present opt-ins, and Plaintiff shall be permitted to serve a total of 25 interrogatories on Defendant.

        d.    Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        e.    The duration and scope of discovery of opt-ins during post-certification discovery, if any, shall be subject to further order of the Court.

        f.    **Discovery Disputes**. Should counsel find they are unable to resolve a discovery matter or other matters covered by this provision,[1] the parties involved shall contact chambers at (302) 573-6173 to schedule a telephone conference. At that time, counsel shall

---

[1] To meet the import of that phrase, counsel, including Delaware counsel, are expected to ***verbally*** discuss the issues/concerns before seeking the Court's intervention.

advise which parties have disputes, and each moving party shall raise no more than three (3) issues per motion/teleconference. Thereafter, the moving party or parties shall each file a "Motion for Teleconference To Resolve Discovery Dispute(s)."[2]

The following procedures shall apply:

1.     Not less than seventy-two (72) hours prior to the conference, *excluding* weekends and holidays, the party seeking relief shall file a letter with the Court, not to exceed four (4) pages, in no less than 12 point font, outlining the issues in dispute and its position on those issues. Not less than forty-eight (48) hours prior to the conference, *excluding* weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12 point font, outlining that party's reason for its opposition.

2.     Attachments/Exhibits: Generally, there should be limited attachments or exhibits to the letters. For example, in a protective order dispute, only the provisions at issue should be attached. Similarly, regarding interrogatory/request for production issues, only the disputed interrogatory or request for production and the responses as they exist at the time of the letter submissions should be attached.[3] The parties attempts to resolve and/or narrow the issues as contained in letters or emails shall not be included; however, suggested solutions to the issues shall be included in the letter submissions. Cases/transcripts cited and relied upon in the letter submission may be attached as exhibits.

---

[2] The suggested text for this motion can be found on the Court's website in the "Forms" tab, under the heading "Discovery Matters–Motion to Resolve Discovery Disputes."

[3] The history through emails, letters and meet-and-confers resulting in modification of the original interrogatory or request for production shall not be attached. If the interrogatory or request for production is modified to which an objection remains, only the modified interrogatory/request for production and the answer/response shall be attached, and only the current positions of the parties shall be reflected in the letter submissions.

3.  To the extent factual issues are disputed or central to the Court's analysis,[4] *non-conclusory,* sworn declarations, *only to the extent necessary* to establish the facts, shall be attached as exhibit(s).

4.  A proposed order, attached as an exhibit, setting out in detail the nature of the relief requested, including the date by which the requested relief is to be completed.

The same procedure outlined above shall apply to protective order drafting disputes, except a "Joint Motion for Teleconference To Resolve Protective Order Dispute," shall be filed and the parties are limited to a total of three (3) issues with one submission each. The submissions shall include the party's proposal of the content for the disputed portion(s) of the protective order.

Should the Court find further briefing necessary upon conclusion of the telephonic conference, the Court will order it. Disputes or issues covered by the provisions contained herein regarding motions for extension of time for briefing case dispositive motions which are related to discovery matters are to be addressed in the first instance in accordance with this paragraph.

No motions to compel or motions for protective order shall be filed absent approval of the court. Absent expressed approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

Counsel shall provide a list of the teleconference participants, either by including the list on a separate page with the letters, or fax to Chambers at 302-573-6445 at the same time the

---

[4] For example, matters addressing attorney-client privilege, work product doctrine, common interest doctrine, sufficiency of privilege log and other similar issues often involve factual evidence for which affidavits may be required. *See RCA v. Data General*, C.A. No. 84-270-JJF, 1986 WL 15693 (D. Del. July 2, 1986); *WillemijnHoudstermaatschaapij v. Apollo Computers, Inc.*, 707 F. Supp. 1429 (D. Del. 1989).

6

letters are e-filed. If the list is included with the letters, it will not be counted as part of the page limitation for the letter submission.

5. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, the Default Discovery Confidentiality Order shall govern until agreement is reached or the matter is resolved pursuant to Paragraph 4(f) above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

6. <u>Papers Filed Under Seal</u> – When filing papers under seal, counsel should deliver to the Clerk an original and one copy of the papers.

7. <u>ADR Process</u> – By June 4, 2013, the parties shall submit a joint letter as to whether they prefer another Magistrate to be assigned for mediation and as to their position(s) as to the timing of engaging in a mediation.

8. <u>Case Dispositive Motions</u> – No case dispositive motion may be filed without leave of the Court before the ruling on plaintiff's motion for conditional certification.

9. <u>Electronic Discovery</u> – Defendant has provided a detailed description of likely sources of discoverable information, including ESI and its electronic information systems. In

addition, Defendant identified categories of information that it does not intend to preserve or produce due to proportionality concerns (e.g. approximately 1,200 email boxes from stores that did not employ Plaintiff or any of the current opt-ins). Plaintiff's counsel indicated that they needed more time to identify sources of discoverable information and ESI. Accordingly, the parties are directed to further meet and confer on these issues and bring any disputes to the attention of the Court.

    10.    <u>Applications by Motion</u> – Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

                                                                        UNITED STATES MAGISTRATE JUDGE