IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICHOLAS MCKEE, Individually And On Behalf Of All Other Persons Similarly Situated, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civ. No. 12-1117-SLR/MPT |
| PETSMART, INC., ) ) | |
| Defendant. ) | |

# ORDER

At Wilmington this 5th day of June, 2013, having reviewed the Report & Recommendation issued in the above case on March 20, 2013 (D.I. 17) and the objections filed thereto by defendant (D.I. 21);

IT IS ORDERED that the objections are overruled and the Report & Recommendation is adopted, for the reasons that follow:

1. As noted, plaintiff chose a traditional and legitimate venue for the instant litigation, that is, defendant's state of incorporation. Although defendant is headquartered in Arizona, it carries on a national business[1] and, indeed, in a related case filed in this court, defendant has moved to transfer the case to South Carolina, the

---

[1] A search for "PetSmart" in the PACER Case Locater indicates that defendant has litigated in virtually every state (including Delaware), both as a defendant and as a plaintiff.

residence of that plaintiff,[2] not to Arizona.

2. Given that discovery is a local event[3] and trial is a limited event[4] in this court, and given that defendant's policies are enforced on a nationwide basis,[5] the recommendation that defendant's motion to transfer this case to Arizona be denied is well supported by the facts and the law.

THEREFORE, IT IS FURTHER ORDERED that defendant's motion to transfer (D.I. 10) is denied.

_____
United States District Judge

---

[2] See Shively v. PetSmart Inc., Civ. No. 13-495-SLR (D. Del.). (D.I. 18, 19)

[3] Depositions are taken where the deponents reside; the production of documents is an electronic event.

[4] Limited in terms of the number of hours allocated per party, and the number of witnesses and documents that are generally presented in that time.

[5] The instant litigation is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. and, therefore, PetSmart employees from any state may opt to be included as plaintiffs. There is case authority standing for the proposition that, "[o]nce the propriety of venue has been established, . . . some courts have considered allegations pertaining to the class as a whole in determining whether to transfer venue pursuant to 28 U.S.C. § 1404(a)." Cook v. UBS Fin. Svcs., Inc., Civ. No. 05-8842 (SHS), 2006 WL 760284, at *6 n.2; Ellis v. Costco Wholesale Corp., 372 F. Supp. 2d 530, 543 (N.D. Cal. 2005).

2