UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

```
-----------------------------------------------------------X
NICHOLAS MCKEE, Individually and on         :
Behalf of All Other Persons Similarly Situated,   :        NO. 1:12-cv-01117-SLR-SRF
                                            :
                    Plaintiffs,             :
                                            :
           -against-                        :        JURY TRIAL DEMANDED
                                            :
PETSMART, INC.,                             :
                                            :
                    Defendant.              :
-----------------------------------------------------------X
```

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF FORM AND MANNER OF DISSEMINATING SETTLEMENT NOTICE AND RELEASE AND SCHEDULING FINAL FAIRNESS HEARING

At Wilmington this 4th day of April 2015, the above-entitled matter came before the

Court on Plaintiff's Unopposed Motion for Approval of Form and Manner of Disseminating

Settlement Notice and Release and Scheduling Final Approval Hearing ("Motion").

1. Based upon the Court's review of Plaintiff's Brief in Support of Plaintiff's

Motion, the Settlement Agreement, dated April 24, 2015 ("Settlement Agreement"), and all

other papers submitted in connection with Plaintiff's Motion, the Court grants Plaintiff's

Motion.

2. The Court concludes that the settlement set forth in the Settlement Agreement

("Settlement") is within the range of possible settlement approval, such that notice to those

persons who have opted into this action ("FLSA Collective members") is appropriate.

3. The Court finds that the Settlement is the result of extensive, arm's-length

negotiations by counsel well-versed in the prosecution of wage and hour collective actions.

4. The assistance of an experienced mediator, Michael Dickstein, reinforces that the settlement is non-collusive.

5. The Court approves the form of the proposed Notice of Settlement ("Notice") and form of the Release, agreed-upon by the parties, which are attached as Exhibits A and B, respectively, to this Order, and directs their distribution to the FLSA Collective members, as indicated in paragraph 9 below.

6. The Notice describes the terms of the Settlement, explains the choices faced by the FLSA collective members as to participating in the Settlement or excluding themselves, informs the FLSA collective members that they must complete and return the Release in order to share in the Settlement proceeds; the amount of attorneys' fees and costs sought by Plaintiff's counsel and how to object to the Settlement itself and/or the attorneys' fees being sought. It also provides specific information regarding the date, time, and place of the final approval hearing.

7. The Court hereby preliminarily approves the method of allocating the Settlement proceeds among the members of the FLSA Collective members that is described in the Notice.

8. The Court approves the parties' selection of Garden City Group, Inc. to act as Settlement Administrator.

9. The Court hereby directs the parties to disseminate the Notice and Release to the members of the FLSA collective members by first class mail to the addresses provided to Plaintiff's counsel by each member within three (3) weeks of the entry of this Order, approves the settlement procedures set forth in Section 4.4 of the Settlement Agreement and instructs the parties and the Settlement Administrator to effectuate its

2

terms for all actions prior to the final approval hearing ("Final Approval Hearing"), which the Court will hold on July 21, 2015 at 11:00 a.m. at the United States Courthouse, District of Delaware, J. Caleb Boggs Federal Building, 844 N. King Street, Wilmington, DE 19801-3570. At the Final Approval Hearing, the Court will consider approving the Settlement and Plaintiff's counsel's motion for attorneys' fees and expenses.

10.     All Releases, any requests for exclusion or objections to the Settlement and/or the request for attorneys' fees and expenses by Plaintiff's counsel must be submitted in accordance with the instructions set forth in the Notice no later forty-five (45) days after the mailing of the Notice and Release as provided herein, unless otherwise ordered by the Court. All persons who fail to comply with those procedures shall be deemed to have waived any and all objections to the Settlement and the request for attorneys' fees and expenses by Plaintiff's counsel, unless otherwise ordered by the Court.

11.     All submissions in support of final approval of the Settlement and approval of Plaintiff's counsel's request for attorneys' fees and expenses must be filed seven (7) days prior to the Final Approval Hearing.

12.     The parties shall abide by all applicable other terms of the Settlement Agreement.

_____
UNITED STATES DISTRICT JUDGE

3

# EXHIBIT A

**NICHOLAS MCKEE, Individually and on Behalf of
All Other Persons Similarly Situated V. PETSMART,
INC. CIVIL ACTION NO. 1:12-cv-01117-SLR
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

### NOTICE OF SETTLEMENT AND FINAL
### APPROVAL HEARING

**To:**   [Name of Collective Action Member]

### SUMMARY

**The Court has approved this Notice to let you know that there is a settlement in this case.
If it becomes final, and you sign and return the enclosed Release no later than _____,
2015, you will be sent at least $_____.** You can, if you wish, opt-out of the Action, but, if
you do so and you still wish to pursue claims against PetSmart, you will have to commence a new
action and represent yourself in that case or obtain new lawyers to represent you. You can also
object to the Settlement (but if you object, you cannot opt-out). Your three options are:

1. Stay in the Action. You can either (a) sign and return the enclosed Release postmarked
no later than _____, 2015 (and assuming settlement approval) on or after [put in date
45 after final hearing], you will be mailed a check in at least the amount of $_____ or
(b) stay in the settlement and object to it or any of its parts, which requires following the
directions below regarding a proper written objection. If your objection is overruled by the
Court, you will not share in the settlement unless you have timely submitted the enclosed
Release.

OR

2. Request to exclude yourself in writing, with your request due no later than [insert date =
45 days after mailing]. This preserves your claims asserted in this case but, should you
wish to assert them, as of [insert date = 45 days from mailing], the statute of limitations
will begin to run on those claims. To assert any such claims you will need to commence a
new action against PetSmart on your own with your own counsel.

OR

3.    Do Nothing. If you neither sign and timely return the enclosed Release nor object,
you will not receive anything from the settlement and you will be precluded (assuming
settlement approval) from bringing any claims you may have against PetSmart concerning
your classification as exempt from the overtime requirements of the FLSA and other
claims (See the section below entitled "What Claims Would I Release?").

**This Notice explains the collective action lawsuit and the terms of the settlement and
explains your rights and obligations. This Notice is not intended to be and should not be
understood as an expression of any opinion by the Court as to the merits of any of the claims
or defenses asserted in the case.**

**The Notice contains information about the following topics:**

1. What is the Action About and Why Was This Notice Sent?

2. Who is Affected by the Settlement?

3. What Are The Terms of The Settlement and How Much Can You Expect to Receive?

4. What are your Options?

5. Who Represents The Parties and How Will Attorneys for The Collective Get Paid?

6. How Can You Participate in the Settlement?

7. What Claims Would You Release?

8. No Retaliation

9. How Can You Exclude Yourself or "Opt-Out" of the Settlement or Object To It or the Request for Attorneys' Fees and Costs?

10. What if You Have Questions?

You previously joined this lawsuit by completing and submitting a Consent to Join this Action, which was then filed with the Court on your behalf. The lawsuit asserts that PetSmart misclassified you and other Operations Managers as non- exempt employees and, as a result, did not pay you and other Operations Managers overtime pay for hours worked in excess of 40 hours per week, as required by the Federal Labor Standards Act or FLSA.

PetSmart has denied and continues to deny any wrongdoing and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in the lawsuit. To avoid the burden, expense, inconvenience and uncertainty of a continued lawsuit, however, PetSmart has concluded that it is in its best interest to resolve and settle the lawsuit on the terms of a Settlement Agreement, dated March __, 2015, which is summarized below.

Plaintiff's counsel recognizes the risks inherent in this litigation, including the risk that PetSmart may prevail in its position that it has not misclassified Operations Managers as exempt from the overtime requirements of the FLSA. Plaintiff's counsel has also concluded that it is in the best interest of those who have joined this action to resolve and settle this lawsuit on the terms set forth in the Settlement Agreement summarized in this Notice.

The Action is pending before The Honorable Sue L. Robinson in the United States District Court for the District of Delaware. On December 12, 2013, Judge Robinson conditionally certified a collective action of all persons who are or were formerly employed as Operations Managers since

2

September 10, 2009. The settlement that has been reached (the "Settlement") after litigating the case for almost three years and engaging in extensive discovery and extensive negotiations, The Action was scheduled to go to trial on May 11, 2015.

## 2. Who is Affected by The Settlement?

You are receiving this notice because you previously joined this lawsuit by having a Consent to Join filed on your behalf, which means you are eligible to participate in and receive money from the Settlement. Anyone who did not previously join the lawsuit is not eligible to participate.

## 3. What Are The Terms of The Settlement and How Much Can You Expect to Receive?

After a thorough analysis of all claims and defenses, and after extensive litigation and negotiations, Plaintiff's counsel, on behalf of those persons who have previously submitted consents to join this Action which were filed with the Court (the FLSA Collective") and PetSmart have agreed to settle the collective action claims in this Action against PetSmart on the terms described below and subject to the approval of the Court.

The basic terms of the Settlement Agreement are as follows:  PetSmart will pay $3,800,000.00 ("Settlement Fund"). This fund will pay for the dissemination of this Notice and the accompanying Release, PetSmart's share of its FICA/FUTA/SUTA obligations on the portion of the settlement allocated to wages, the calculation and dissemination of checks that will be sent to FLSA Collective members if the Court approves the Settlement, the member signs and timely returns the accompanying Release, and the member does not exclude themselves from the Action, Plaintiffs' Counsel's fees and litigation costs as approved by the Court.

After these deductions, the remaining amount available (the "Net Settlement Fund") will be distributed to the FLSA Collective. Each FLSA Collective member will receive an amount based upon the number of weeks that he or she worked as a salaried Operations Manager as compared with the number of weeks worked by all other eligible FLSA Collective members during the relevant time periods, provided the FLSA Collective member signs and timely returns the accompanying Release.

**Based on records maintained by PetSmart, the anticipated amount allocated to you, after necessary tax withholdings, f the Settlement becomes final, is at least: [INSERT]. This figure is based on the following information:**

- Your Consent to Join the Action was filed on: [DATE].
- Your claim period begins three years prior on: [DATE].
- The number of weeks that you worked as an exempt Operations Manager at PetSmart during the claim period is: [NUMBER].

If you believe that PetSmart's records concerning the number of weeks you worked during this period may be incorrect, you must contact the Settlement Administrator to indicate your disagreement by **[insert date]**.  If you do so, you must also provide pay-stubs or other

3

documentation supporting your claim.  Otherwise, your share of the Net Settlement Fund will be based on the above weeks-worked number.

**The allocation of the Settlement proceeds to you set forth on page 1 of this Notice is after any applicable deductions for taxes, or your or PetSmart's share of FICA/FUTA/SUTA.  It also assumes that the Court awards the full amount of the request for attorneys' fees and expenses described below.  The Settlement allocation to you indicated above will increase if you sign and timely return the accompanying Release but other FLSA Collective members do not, in which case their portions will be reallocated to all FLSA Collective members who do sign and timely return Releases.  The Settlement allocation to you will also increase if the Court awards Plaintiff's counsel less than the attorneys' fees and expenses they are seeking, as described in the section below entitled "Who Represents the Parties and How Will The Attorneys for the Collective Get Paid?"**

██████████████████████████████████████████████████████████████████████████

You have two options with regards to this Settlement.  You can:

> (1)   Participate in the Settlement by signing and timely returning the accompanying Release and/or object to the Settlement; or

> (2)   Request to be excluded from the Action, in which case you will neither share in the Settlement proceeds nor will any of your claims in this Action be released, but you will have to commence a new action and represent yourself or retain your own counsel if you want to pursue your claims.

If you do nothing and do not sign and Return the Release or request exclusion form the Action, you will not share in the Settlement proceeds but your claims in the Action and other related claims will be released.  See the section below entitled "What Claims Would You Release?"

██████████████████████████████████████████████████████████████████████████

Plaintiff's counsel and Attorneys for the FLSA Collective members are:

**KLAFTER OLSEN & LESSER LLP**
Jeffrey A. Klafter
Seth R. Lesser, Esq.
Fran L. Rudich, Esq.
Two International Drive, Suite 350
Rye Brook, NY 10573
Ph:  914.934.9200/Fax:  914.934.9220
www.klafterolsen.com

**HEPWORTH GERSHBAUM &**
**ROTH PLLC**

4

Marc S. Hepworth
David A. Roth
Charles Gershbaum
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

ROSENTHAL MONHAIT & GODDESS P.A.
Jessica Zeldin (DE #    )
919 Market Street, Suite 1401
Citizens Bank Center, P.O. Box 1070
Wilmington, Delaware 19899-1070
Telephone: (302) 656-4433
Facsimile: (302) 658-7567

Plaintiffs' Counsel will apply to the Court for legal fees of no more than thirty-three and one- third percent (33 1/3%) of the total Settlement Fund, plus their costs paid and incurred, which will not exceed $250,000.00. Plaintiff's counsel will also apply for payment of all Settlement Administration costs out of the Settlement Fund which include the cost of printing and disseminating this Notice and the accompanying Release and, if the Settlement is approved by the Court. The cost of mailing checks and preparing and sending you a W-2 and 1099, and the cost of making tax payments to the federal and state taxing authorities. It is estimated that these Settlement Administration costs will not exceed $80,000.00 (the "Fee and Expense Request").

If you choose, you may object to the Fee and Expense Request. In order to object, you must follow the procedures set forth in the section below entitled "How Can You Exclude Yourself or "Opt-Out" of the Settlement or Object To It or the Request for Attorneys' Fees and Costs?"

<u>Attorneys for PetSmart are</u>:

LITTLER MENDELSON, PC.
Andrew Voss
1300 IDS CENTER, 80 South 8th Street
Minneapolis, MN 55402-2136
Telephone (612) 313-7605
Facsimile: (612) 630-9626

In order to share in the Settlement, you must have previously submitted a consent to join this Action and you must sign and return the accompanying Release by mailing or overnighting it to the Settlement Administrator, at the following address:

[add address]

5

If mailed, it must be postmarked by _____, 2015.  If sent by other means, it must be sent so that it is received by the Garden City Group by _____, 2015.

If the Court approves the Settlement, a check representing your individual share will be sent to you. Half of your share shall be considered a payment of wages, subject to applicable withholding, for which you will receive a Form W-2, and the other half shall be considered a non-wage payment for which you will receive a Form 1099.  After 120 days, your check will become stale and you will lose your chance to obtain the money under the Settlement. **If you do not receive your check within 100 days after signing and timely returning the accompanying Release, you should contact the Garden City Group, whose information is provided at page __.**

**7. What Claims Would You Release?**

If you do not request exclusion from this Action and the Court approves the Settlement, the Court will enter a Judgment which will release all the claims that you asserted, or relatedly could have been asserted, in the Action.  Specifically, in legal terms, you will be deemed to have waived and released PetSmart from all claims asserted in the Action, as well as any federal, state, or local law claims, both past and present, known and unknown relating to alleged unpaid overtime or minimum wages, meal or rest periods, or any claim derived from the failure to pay such wages, up to February 19, 2015 (the "Released Claims").  This release will apply whether or not you sign and timely return the accompanying Release but you must sign it and timely return it in order to receive your share of the Settlement.

**8. No Retaliation**

**The law does not allow employers to retaliate against employees for exercising their rights under the Fair Labor Standards Act and PetSmart has policies in place that prohibit such retaliation. PetSmart will not retaliate against any employees for participating in this Action and/or this settlement.**



**Excluding Yourself or Opting-Out**

If you are a member of the FLSA Collective and you wish not to take part in the Settlement, you must exclude yourself from the Settlement by submitting a "Request for Exclusion" to the Settlement Administrator. **That request must be received by the Settlement Administrator no later than [insert date = 45 days after mailing].** If you exclude yourself, you will not participate in these proceedings, nor will you receive any money from the Net Settlement Fund, but you will retain the right to assert any claims you may have against PetSmart relating to the payment of wages for hours of work.  However, as of **[insert date]**, the statute of limitations on your claim (which is a maximum of three years prior to date it was filed with the Court) will continue to run, and to assert your claims you would have to file an action yourself or have a lawyer file an action

6

on your behalf. Plaintiff's counsel **will not** be representing you after you file a "Request for Exclusion," and you will need to find another lawyer to represent you.

Your Request for Exclusion must include your name and address, and must state: (1) that you are requesting to be excluded from the Parties' Settlement in the case entitled *NICHOLAS MCKEE, Individually and on Behalf of All Other Persons Similarly Situated v. PETSMART, INC.* Civil Action No. 1:12-Cv-01117-SLR; (2) that you understand that by excluding yourself from the Action, you will receive no funds in conjunction with the settlement of this Action; and (3) that you understand that the attorneys for Plaintiff and the FLSA Collective will no longer be representing you.

### Objecting

You may object to the Settlement and/or the Fee and Expense Request described above by following these instructions. You may not object to the Settlement if you exclude yourself by submitting a timely and valid Request for Exclusion. In order to object to the Settlement, you must send, postmarked by **[insert date** = 45 days after mailing], a copy to the Court at the following address:

> Clerk of the Court
> United States Courthouse, District of Delaware
> J. Caleb Boggs Federal Building
> 844 N. King Street
> Wilmington, DE 19801-3570

You must also mail a copy of your written objection to legal counsel for the parties identified above postmarked no later than **[insert date** = 45 days after mailing]. Any written objection must be signed and it must state each specific reason in support of your objection and any legal support for each objection. *OBJECTIONS WILL NOT BE ACCEPTED OVER THE TELEPHONE SO PLEASE DO NOT TELEPHONE THE COURT.*

If you submit a timely objection, you may also appear, at your own expense, at the Final Approval Hearing. However, to be heard at the Final Approval Hearing, you must first submit a "Notice of Intention to Appear at the Final Approval Hearing" – which is currently set for _____ at _____,**[insert date** = 60 days after mailing] at the United States District Court for the District of Delaware, at the United States Courthouse, J. Caleb Boggs Federal Building 844 N. King Street,, Wilmington, DE 19801-3570. You can represent yourself or appear through your own attorney, at your own cost. To do so, you or your attorney must also file a "Notice of Appearance" with the Clerk of the United States District Court, District of Delaware, and deliver copies to the attorneys for the parties listed above, no later than **[insert date = 45 days after mailing].**

**10. What If You Have Questions?**

This Notice only summarizes this Action, the Settlement, and related matters. For more information about the Settlement or if you have any questions regarding the Settlement, you may examine the court file for the Action, contact the Settlement Administrator or contact Plaintiff's Counsel.

You can contact Plaintiff's counsel at the address or numbers listed at page __, above. You may also obtain additional information concerning the Settlement, including the Settlement Agreement from _____[add web site] or by contacting the Settlement Administrator at:

Garden City Group. Inc.
_____
_____

In order to see the complete Court file, you should visit the Clerk of the Court, United States Courthouse, District of Delaware, J. Caleb Boggs Federal Building 844 N. King Street, Wilmington, DE 19801-3570. The Clerk will make all files relating to this Action available to you for inspection and copying at your expense.

***Do not contact the Court about this matter.***

Dated: April___, 2015

# EXHIBIT B

## SETTLEMENT AND RELEASE FORM FOR [NAME OF PLAINTIFF]

This Settlement and Release Form ("Release Form") is executed by the undersigned with respect to a settlement ("Settlement"), set forth in a Settlement Agreement dated _____, 2015, of the wage and hour claims asserted against PetSmart, Inc. in the civil action now pending before the United States District Court for the District of Delaware entitled *Nicholas McKee, et al. v. PetSmart, Inc.*, No. 1:12-cv-01117-SLR-SRF (the "Lawsuit"), into which I opted in.

1.      **PetSmart:** The term "PetSmart" as used in this Release Form includes PetSmart, Inc., and all of its past, present, and future parents, subsidiaries, companies, divisions, and affiliates, and other current or former related entities thereof, and all of the past, present, and future officers, directors, employees, agents, members, insurers, legal counsel, and successors and assigns of said entities.

2.      **Settlement Amount:** Having read the accompanying Notice of Settlement and Final Approval Hearing (the "Notice"), having had an opportunity to obtain additional information relating to the Lawsuit or the Settlement (including the Settlement Agreement), and having had an opportunity to confer with Plaintiffs' counsel identified in the Notice regarding the Settlement, I wish to participate in the Settlement of the Lawsuit. I have been employed by PetSmart as an Operations Manager. I agree that the portion of the Settlement allocated to me in the minimum amount of $_____ (the "Settlement Amount") would represent a fair settlement of my claims for overtime wages and related damages against PetSmart. I also understand that half of the Settlement Amount will represent overtime wages and half will represent liquidated damages, and that all applicable withholding taxes and other payments required by law will be withheld. I agree that I am not owed any additional amounts as a result of, or derived from, any claims I have alleged in this case. I agree to the dismissal of my claims in the Lawsuit **WITH PREJUDICE** if the Court approves the Settlement at the Hearing described in the Notice.

3.      **Attorneys' Fees, Costs, and Taxes**: Other than Plaintiffs' counsel's request for attorneys' fees and expenses to be paid from the Settlement, and therefore the Settlement Amount, I agree that I will not seek to recover any attorneys' fees or expenses from PetSmart and that I am solely responsible for any federal, state or local tax obligations which may arise as a result of the payments of the Settlement Amount by PetSmart, with the exception of PetSmart's tax obligation under FUTA/FICA.

4.      **Release of Claims and Agreement Not to Sue**: In exchange for payment of the Settlement Amount and by executing this Release Form, I hereby waive and release PetSmart from all claims asserted in the Lawsuit, as well as any federal, state, or local law claims, both past and present, known and unknown relating to alleged unpaid overtime or minimum wages, meal or rest periods, or any claim derived from the failure to pay such wages, up to February 19, 2015 (the "Settled Claims"). I hereby agree not to sue or bring any legal action against PetSmart in any forum with respect to any of the Settled Claims.

5.      **No Admission**: I agree that the Settlement set forth in the Settlement Agreement, which is summarized in the Notice, and PetSmart's action(s) pursuant to this Settlement shall not be deemed or construed to be an admission by PetSmart of any violation of my rights, the law, or of any wrongdoing. I understand that PetSmart expressly denies any such violation.

Date: _____        _____        _____
                    Name (Printed)                     Signature