UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------X
NICHOLAS MCKEE, Individually and on
Behalf of All Other Persons Similarly Situated,

                      Plaintiffs,

        -against-

PETSMART, INC.,

                      Defendant.
---------------------------------------------------------------X

NO. 1:12-cv-01117-SLR-SRF

**JURY TRIAL DEMANDED**

**[PROPOSED]**
**FINAL ORDER AND JUDGMENT**

At Wilmington this ____ day of _____ 2015, the above-entitled matter came before the Court on Plaintiff's Motion for Final Approval of Collective Action Settlement, for Award of Attorneys' Fees and Expenses, and for Payment of the Settlement Administrator's Costs and Expenses ("Motion").

    1.    Based upon the Court's review of Plaintiff's Brief in Support of Plaintiff's Motion, the Settlement Agreement, dated April 24, 2015 ("Settlement Agreement"), and all other papers submitted in connection with Plaintiff's Motion, and given that all persons who have opted into this Action ("FLSA Collective members") have had a full and fair opportunity to be heard, and upon all proceedings had in this action heretofore, the Court APPROVES the settlement set forth in the Settlement Agreement ("Settlement").

    2.    The Court finds that the notice of the settlement described in the Settlement Agreement ("Settlement") and of Plaintiff's counsel's application for an award of attorneys' fees and expenses, which was provided to those persons who have opted into this Action

("FLSA Collective members"), as directed by the Court by its May 4, 2015 Order (D.I. 241), was the best notice practicable under the circumstances and complied with the requirements of due process.

3. The Court concludes that the Settlement reflects an adequate, fair, and reasonable resolution of a bona fide dispute and is in the public interest, and is hereby APPROVED pursuant to 29 U.S.C. § 216(b),

4. The Court finds that Settlement is for the exclusive benefit of the FLSA Collective Members, identified in Exhibit A to the Settlement Agreement, none of whom has requested exclusion from this Action.

5. The Court APPROVES payment by PetSmart, Inc., in the amount of $3,800,000.00 ("Settlement Amount") pursuant to, and subject to any adjustments required by, the Settlement Agreement.

6. The Court APPROVES payment of Attorneys' Fees and Costs in the amounts of $_____ and of $_____, to Plaintiffs' Counsel from the Settlement Amount and pursuant to the terms of the Settlement Agreement.

7. Garden City Group, Inc. shall be responsible for administering the terms of the Settlement Agreement and handling all other work incidental to administering the Settlement, and the Court APPROVES payment of $_____ out of the Settlement Amount for such services.

8. The Settlement Amount less the payments set forth in paragraphs 6 and 7 above shall be distributed by the Settlement Administrator to FLSA Collective members promptly after this Judgment becomes final in accordance with the formula and other terms set forth in the Settlement Agreement.

9. The Action is DISMISSED WITH PREJUDICE with respect to the Plaintiff and all other FLSA Collective members, whose claims in this Action are dismissed without prejudice, without costs to any Party, other than as specified in this Order.

10. In consideration of PetSmart's payment of the Settlement Amount, and for other good and valuable consideration, the Plaintiff and all FLSA Collective members irrevocably and unconditionally forever and fully release and covenant not to sue PetSmart and all of its past, present, and future parents, subsidiaries, companies, divisions, and affiliates, and other current or former related entities thereof, and all of the past, present, and future officers, directors, employees, agents, members, insurers, legal counsel, and successors and assigns of said entities, from all claims asserted in this Action, or relatedly could have been asserted, in the Action including any federal, state, or local law claims, both past and present, known and unknown relating to alleged unpaid overtime or minimum wages, meal or rest periods, or any claim derived from the failure to pay such wages, up to February 19, 2015 (the "Released Claims").

11. This Judgment is the Final Judgment in this Action as to all of the Released Claims set forth in paragraph 9 above.

12. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement; (b) distribution of the Settlement Amount as provided for herein; and (c) any other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement, and the administration of the Settlement by the Garden City Group, Inc. The time to appeal from this Judgment shall commence upon its entry.

13. In the event that the Settlement does not become final, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, and without prejudice to the status quo ante rights of the FLSA Collective members, and Defendant.

14. This Court finds that there is no just reason for delay and expressly directs the immediate entry of this Judgment by the Clerk of the Court.

_____
UNITED STATES DISTRICT JUDGE